UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER BAUM, | ) | CASE NO. 1:25-cv-1775 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | MAGISTRATE JUDGE REUBEN J. |
| | ) | SHEPERD |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | **OPINION AND ORDER ADOPTING** |
| | ) | **MAGISTRATE'S REPORT AND** |
| Defendant. | ) | **RECOMMENDATION** |
| | ) | |

Before the Court is Magistrate Judge Reuben J. Sheperd's Report and Recommendation ("R&R") recommending that the Court should affirm the final decision of the Commissioner of the Social Security Administration ("Commissioner"). (ECF No. 12). Plaintiff Jennifer Baum filed timely objections. (ECF No. 13). Upon consideration of the objections, the Court **ADOPTS** the R&R in its entirety and **AFFIRMS** the final decision of the Commissioner.

I.     **BACKGROUND**

The Court adopts and incorporates the detailed recitation of the factual and procedural background contained in the R&R, to which Baum raised no objections. (ECF No. 12, PageID #1952–62). The Court will only briefly summarize the relevant background.

In June 2023, Baum filed an application for Disability Insurance Benefits ("DIB") alleging a disability onset date of February 1, 2021. (ECF No. 7, PageID #200–06). The Social Security Administration denied Baum's application at the initial level, (*id.* at PageID #100–06), and upon reconsideration, (*id.* at PageID #107–118).

Baum requested a hearing before an Administrative Law Judge ("ALJ"); ALJ Catherine Ma held a hearing on September 26, 2024. (*Id.* at PageID #64–99, 142–43). At the hearing, and

1

in a subsequent written request, Baum moved to amend the alleged disability onset date to December 16, 2022. (*Id.* at PageID #68, 218).  On October 4, 2025, the ALJ issued an unfavorable decision, finding that Baum was not disabled, as defined in the Social Security Act, from the amended alleged onset date (December 16, 2022) to the date of the decision.  (*Id.* at PageID #45–59).

In doing so, the ALJ determined at Step Four that Baum had the residual functional capacity ("RFC") to perform medium work with the following limitations:

> [Baum] is able to frequently climb ramps and stairs, balance and crawl but never climb ladders, ropes or scaffolds. She must avoid exposure to hazards such as unprotected heights and dangerous machinery.

(*Id.* at PageID #53).  Of relevance here, the ALJ determined that the opinion of state agency psychiatric consultant Dr. Rozenfeld—that Baum had several moderate mental limitations—was unpersuasive.  (*Id.* at PageID #56 (citing *id.* at PageID #115)).  The ALJ also found the opinion of Dr. Chessar-Tirpak, a consultative examiner who performed a psychological evaluation in January 2024, to be unpersuasive.  (*Id.* at PageID #55).  On July 2, 2025, the Appeals Council declined to review the ALJ's decision.  (*Id.* at PageID #32–37).

On August 26, 2025, Baum filed this action to obtain judicial review.  (ECF Doc. 1).  On May 12, 2026, Magistrate Judge Reuben J. Sheperd issued his R&R recommending that the Court should affirm the final decision of the Commissioner.  (ECF No. 12).  Baum timely filed an objection to the R&R on May 26, 2026, (ECF No. 15), and the Commissioner filed a response to those objections on May 29, 2026, (ECF No. 16).

II.    **LEGAL STANDARD**

    A.    **Objections to the R&R**

Under the Federal Magistrates Act, a district court must conduct a de novo review of those portions of the report and recommendation to which the parties have objected.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).  Absent objection, a district court may adopt a report and recommendation without further review.  *See Peretz v. United States*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141–42 (1985).  Pursuant to Fed. R. Civ. Proc. 72(b)(3), a district judge:

> [M]ust determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. Proc. 72(b)(3).  An objection must address specific issues within the magistrate judge's report and recommendation.  *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  That means that a petitioner must direct "the district judge's attention to specific issues decided by the magistrate contrary to [the petitioner's] position."  *Ayers v. Bradshaw*, No. 3:07-cv-2663, 2008 U.S. Dist. LEXIS 27218, 2008 WL 906100, at *2 (N.D. Ohio, Mar. 31, 2008) (quoting *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997)); *see also Bulls v. Potter*, No. 5:16-cv-2095, 2020 U.S. Dist. LEXIS 30163, 2020 WL 870931, at *1 (N.D. Ohio Feb. 21, 2020) (providing that objections "must be specific in order to trigger the de novo review").

General objections are insufficient to meet the specificity requirement; objections "must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) (internal quotation marks omitted); *see also Howard*, 932 F.2d at 509 (providing that a general objection to a magistrate judge's report and recommendation "has

the same effects as would a failure to object"). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

### B. Review of ALJ's Decision

An ALJ employs a five-step sequential process to determine whether a person is disabled. 20 C.F.R. 416.920(a)(4); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642–43 (6th Cir. 2006). As the Sixth Circuit has explained:

> First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. 20 C.F.R. §§ 404.1520(b) and 416.920(b)(2000)). Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c) and 416.920(c)(2000)). Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. 20 C.F.R. §§ 404.1520(d) and 416.920(d) (2000). Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (citing *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990)) (internal citations omitted). At step four, as part of determining a claimant's RFC in light of the evidence before her, the ALJ must explain how she considered the supportability and consistency of the medical opinions and administrative findings before her. 20 C.F.R. § 404.1520c(c)(1) & (2). The Court weighs the supportability and consistency of a given medical opinion against the other medical and nonmedical opinions in the record: Regarding supportability, "The more relevant the objective medical evidence and supporting explanations

presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical findings will be." 20 C.F.R. § 404.1520c(c)(1).  Regarding consistency, "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).

According to 42 U.S.C. 405(g), courts reviewing the Commissioner's final decision determine whether it is supported by substantial evidence and whether proper legal standards were applied: "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  As the Commissioner explains in his brief, "substantial evidence" is not a high threshold. *Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019).  "It means— and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

The court "accord[s] the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court does] not, of observing a witness's demeanor while testifying." *Id.* at 476.  The ALJ thus enjoys a "zone of choice" to decide between the parties' competing positions "without the fear of appellate court interference." *Arnett v. Comm'r of Soc. Sec.*, 76 F. App'x 713, 716 (6th Cir. 2003) (citing *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986)).

III.    **DISCUSSION**

A.      **Objection #1 – Failure to Properly Evaluate Medical Opinions**

In her first objection, Baum argues the Magistrate Judge erred by finding that the ALJ properly evaluated the opinions of Dr. Rozenfeld and Dr. Chessar-Tirpak.  (ECF No. 13, PageID #1979–81).  The Court will evaluate the objections as to each medical opinion separately.

1.      *Evaluation of Dr. Rozenfeld's Opinion*

At the reconsideration phase, Dr. Rozenfeld found that Baum had several moderate mental limitations in sustained concentration and persistence, social interaction, and adaptation.  (*Id.* at PageID #115).  Dr. Rozenfeld explained Baum's capacities and limitations as follows: (i) "[Baum] can complete detailed work tasks in an environment without strict production quotas or having to work at a fast pace. Variable paced tasks with end of day production quotas would be acceptable"; (ii) "[Baum] can work in a setting where interactions with others are superficial and occasional"; and (iii) "[Baum] would be suitable for work that does not require changing tasks from day to day, but rather has a fairly regular set of job duties and expectations."  (*Id.*).

The ALJ found Dr. Rozenfeld's opinion unpersuasive:

> Upon reconsideration, Ellen Rozenfeld, Psy.D., a State agency psychiatric consultant, found the claimant is capable of completing detailed work tasks in an environment without strict production quotas. Interactions with others must be superficial/occasional, and job duties must not change from day-to-day (Exhibit 3A). This prior administrative medical finding is not persuasive because her review and summary of the evidence that shows a normal affect, logical thoughts, adequate memory and adequate skills for sustaining attention/concentration supports no more than mild limitations.  This is consistent with the claimant's treatment notes that show complaints of stress-related anxiety, but there was little evidence of treatment for a mental impairment.  Examinations showed her affect was normal, and she presented as pleasant/cooperative.  There were no deficits in her memory, and her attention was normal.  Although a history of substance abuse is documented in the record, her symptoms remained during periods of diminished substance use (Exhibits 3F/12, 4F/52, 11F/7-8, 12F/8).

(ECF No. 7, PageID #56).  Before the Magistrate Judge, Baum argued that the ALJ rejected Dr. Rozenfeld's opinion without discussing the supportability and consistency of the opinion and also failed to mention Dr. Chessar-Tirpak's consultative evaluation.  (ECF No. 9, PageID #1916–18).

The R&R found that the ALJ's decision clearly and sufficiently addressed the factors of supportability and consistency as required under 20 C.F.R. § 404.1520c.  (ECF No. 12, PageID #1965–69).  Addressing supportability, the Magistrate Judge found:

> The ALJ addressed the factor of supportability by noting that Dr. Rozenfeld's review and summary of the evidence was incongruent with the moderate limitations espoused in her opinion.  Rather, the ALJ felt Dr. Rozenfeld's assessment of the evidence supported only mild limitations, and therefore this factor weighed in favor of the ALJ's finding that Dr. Rozenfeld's opinion was unpersuasive.

(*Id.* at PageID #1968).  As for consistency, the Magistrate Judge found:

> [T]he ALJ considered examination notes in the record that addressed Baum's affect, presentation, memory and attention in determining that Dr. Rozenfeld's opinion was inconsistent with the evidence.  Further, the ALJ considered the lack of treatment for mental impairments as another indication that the limitations opined were inconsistent with the record. ALJs are allowed to consider the nature of a plaintiff's treatment as a part of the consistency evaluation.  *See Hopkins v. Comm'r of Soc. Sec.*, No. 23-5696, 2024 WL 3688302, at *4 (6th Cir. Apr. 9, 2024) (upholding the ALJ's consistency analysis where the ALJ found the opinion not consistent with the other evidence of record including the routine, conservative treatment received, the longitudinal mental status exams across multiple providers, and the claimant's ability to live independently).  As agency regulations provide,
>
>> If the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, or if the individual fails to follow prescribed treatment that might improve symptoms, we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record.
>
> SSR 16-3p, 2017 WL 5180304, at *9. The ALJ was therefore free to consider the lack of treatment for mental impairments when evaluating the consistency of Dr. Rozenfeld's opinion with the record.

(*Id.* at PageID #1968).  Finally, the Magistrate Judge found Baum's argument that the ALJ failed to address the consistency between Dr. Rozenfeld's and Dr. Chessar-Tirpak's opinions

7

uncompelling because there is no requirement that the ALJ compare the consistency of the two opinions, only the consistency of Dr Rozenfeld's opinion with the record as a whole.  (*Id.* at PageID #1969).

Baum's objection specifically challenges the Magistrate Judge's conclusion on supportability, stating:

> The Magistrate Judge explains that the ALJ felt that Dr. Rozenfeld's assessment of the evidence supported only mild limitations, even without an explanation for why that opinion is not supportable.  ECF No. 12, p. 17.  The ALJ failed to explain why the treatment cited did not support moderate limitations.  And in turn the Magistrate Judge supplied rationales missing from the ALJ's decision, which invades the province of the ALJ, and improperly bolsters legally deficient administrative decisions.  *See Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1909, (2020) ("An agency must defend its actions based on the reasons it gave when it acted.").

(ECF No. 13, PageID #1980–81).  Upon de novo review, the Court disagrees.

"[T]he supportability analysis focuses on the physicians' explanations of the opinions." *Lavenia v. Comm'r of Soc. Sec.*, No. 3:21-cv-674, 2022 U.S. Dist. LEXIS 105354, at *4 (N.D. Ohio June 13, 2022) (quoting *Coston v. Comm'r of Soc. Sec.*, No. 20-12060, 2022 U.S. Dist. LEXIS 61235, at *8 (E.D. Mich. Mar. 31, 2022)).  As the R&R concluded, the ALJ's decision addressed the supportability factor when it found that Dr. Rozenfeld's opinion on limitations was unpersuasive because her own review and summary of the evidence, which showed "normal affect, logical thoughts, adequate memory and adequate skills for sustaining attention/concentration", supported only mild functional limitations.  (ECF No. 7, PageID #56; ECF No. 12, PageID #1968 ("The ALJ addressed the factor of supportability by noting that Dr. Rozenfeld's review and summary of the evidence was incongruent with the moderate limitations espoused in her opinion.")).  Although not specifically using the word "supportability," the ALJ essentially found that the evidence cited and relied upon by Dr. Rozenfeld did not "support" her medical opinion

and a finding of more than mild functional limitations. That was a supportability finding. The ALJ also provided a sufficient explanation for the Court to be able to "trace the path of [her] reasoning." *Stacy v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011) (internal citations omitted). Accordingly, the Court **OVERRULES** this objection.

        2.     *Evaluation of Dr. Chessar-Tirpak's Opinion.*

On February 8, 2024, Dr. Chessar-Tirpak issued a Disability Assessment Report of Baum based on a mental health consultative examination performed on January 22, 2024. (ECF No. 7, PageID #1206–12). Dr. Chessar-Tirpak diagnosed Baum with Major Depressive Disorder, Recurrent, Moderate, and Generalized Anxiety Disorder. (*Id.* at PageID #1211). Her functional assessment of Baum was that the following abilities were all below that of a typically-developing individual of the same age: (i) to acquire and use information; (ii) to attend to and complete tasks; (iii) to interact and relate with others; (iv) to respond appropriately to supervision and to coworkers in a work setting; and (v) to respond appropriately to work pressures. (*Id.* at PageID #1211–12). She further opined that Baum's ability to partake in self-care was slightly below that of a typically-developing individual of the same age. (*Id.* at PageID #1211).

The ALJ summarized the Dr. Chessar-Tirpak's findings in the Disability Assessment Report:

> The claimant reported a history of depression and anxiety that made it difficult to leave home and socialize. She also reported problems focusing and paying attention long enough to participate in a conversation or finish tasks without a reminder. With regard to her daily activities, she stated she could tend to her personal care, manage her medication and use good judgment regarding personal safety. She also stated she could manage her own finances, prepare meals and drive, but her boyfriend did the grocery shopping. She admitted to using medical cannabis and she consumed one alcoholic drink per day. An examination showed her affect was normal, but she was tearful at times during the evaluation. She presented as alert/fully oriented, and she was very insightful regarding her impairments. Her thinking was logical, and she demonstrated adequate memory for past and current school and family events. Her short-term memory was

adequate, and she provided adequate responses for determining the similarities between objects and responding to situations requiring verbal conceptualization. She demonstrated adequate skills for sustaining attention and concentration, and she demonstrated adequate cognitive resources for understanding and responding appropriately to interview questions.  Dr. Chessar-Tirpak opined the claimant's ability to acquire/use information, attend/complete tasks, relate to others and respond to work pressure is below that of typically developing individuals. Her ability to partake in self-care is slightly below that of typically developing individuals (Exhibit 8F).

(ECF No. 7, PageID #44).  The ALJ then found Dr. Chessar-Tirpak opinion unpersuasive because:

[S]he does not address specific work-related limitations.  However, her findings of normal affect, alert/fully oriented, logical thinking, adequate memory and adequate attention/concentration support finding the claimant's mental impairments are non-severe (Exhibit 8F).  This is consistent with the claimant's treatment notes that show complaints of stress-related anxiety, but there was little evidence of treatment for a mental impairment.  Examinations showed her affect was normal, and she presented as pleasant/cooperative.  There were no deficits in her memory, and her attention was normal (Exhibits 3F/12, 4F/52, 11F/7-8,12F/8).

(*Id.*).

Before the Magistrate Judge, Baum argued that the ALJ insufficiently evaluated Dr. Chessar-Tirpak's opinion because "[t]he ALJ relied on the notes of *physical* health treatment providers to reject Dr. Chessar-Tirpak's observations.  The ALJ also notes that Dr. Chessar-Tirpak does not address specific work-limitations.  This is an insufficient evaluation of an examining source's opinion." (ECF No. 9, PageID #1917 (emphasis in original) (internal citations omitted)). The Magistrate Judge concluded that the ALJ's decision clearly and sufficiently addressed the factors of supportability and consistency of Dr. Chessar-Tirak's opinion.  (ECF No. 12, PageID #1969–70).  Addressing supportability, the Magistrate Judge found:

the ALJ highlighted internal incongruity between consultative examination notes that show benign findings in affect, orientation, logical thinking, memory and attention/concentration, and the opinion that finds severe impairment.  [(ECF No. 7, PageID #55).]  The assessment of the supportability of Dr. Chessar-Tirpak's opinion further noted the failure to use vocational terms. (*Id.*).  These concerns led to the ALJ's finding that Dr. Chessar-Tirpak's opinion was unsupported.  (*Id.*).

(ECF No. 12, PageID #1970).  Addressing consistency, the Magistrate Judge found:

> the ALJ compared Dr. Chessar-Tirpak's findings to examination notes found throughout the record and deemed them inconsistent.  [(ECF No. 7, PageID #55).] The ALJ further noted that the relative lack of treatment for mental impairment was also inconsistent with the opinion.  (*Id.*).  As the key factors of supportability and consistency were considered, the ALJ met her burden of providing substantial evidence, allowing a subsequent reviewer to meaningfully assess the evaluation of Dr. Chessar-Tirpak's opinion.  Accordingly, the ALJ's decision should not be disturbed on this basis.

(*Id.*).

Baum specifically objects to the Magistrate Judge's finding that the ALJ sufficiently addressed the consistency of Dr. Chessar-Tirpak's opinion, stating: "The ALJ rejected Dr. Chessar-Tirpak's opinion about Baum's mental impairments based on the notes of physical health treatment providers, and did not explain why these notes were not consistent with Dr. Chessar-Tirpak's opinion." (ECF No. 13, PageID #1981).  Upon de novo review, the Court finds that the ALJ sufficiently addressed the consistency of Dr. Chesser-Tirpak's opinion.  For consistency, the applicable regulations require the ALJ to consider "the evidence from other medical sources and nonmedical sources." *See* 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).  In essence, "consistency is about how the medical opinion conflicts with evidence in the record, whereas supportability is about how the medical opinion was soundly reached." *David C. v. Comm'r of Soc. Sec.*, No. 22-11292, 2023 U.S. Dist. LEXIS 199890, at *6 n.1 (E.D. Mich. Nov. 7, 2023) (citing SSR 96-2p, 1996 SSR LEXIS 9).  As noted by the Magistrate Judge, the ALJ: (i) explained that there was little evidence in the record of treatment for mental health impairment; and (ii) identified record evidence that contradicted Dr. Chessar-Tirpak's mental impairment findings, citing examinations that showed normal affect, presentation as pleasant/cooperative, no deficits in memory, and normal attention.  (*Id.* at PageID #55 (citing ECF No. 7, PageID #711, 803, 1241–42, 1261)).  This is a

consistency finding, as it identifies how Dr. Chessar-Tirpak's opinion is inconsistent with evidence from other medical sources.  Accordingly, the Court **OVERRULES** this objection.

### B.    Objection #2 – Failure to Properly Assess Total Limiting Effects

In her second objection, Baum argues that the Magistrate Judge erred in his determination that the ALJ properly established the total limiting effects of Baum's impairments in the RFC. (ECF No. 13, PageID #1981–82).  Baum argues that the ALJ's consideration of the total limiting effects of her impairments was not sufficient to meet the burden described at 20 § C.F.R 404.1545(e), stating:

> The ALJ relies on a description of the treatment record as "routine examinations" in finding Plaintiff had no limitation in understanding, remembering or applying information, and a mild limitation in maintaining concentration, persistence or pace.  ECF No. 7, pp. 51-52.  The records after May 2023 contain only "routine" treatment, according to the ALJ.  ECF No. 7, p. 57.  This summary omits analysis of the biopsy and cancer surgery in the following months.

> The Magistrate Judge does not fault the ALJ for this oversight, relying *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) in reasoning that "the ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence."  ECF No. 12, p. 22.  Here again, the Magistrate Judge purported to understand the reasoning behind the ALJ's decision without the ALJ having made that reasoning explicit.  For that reason, Plaintiff objects to this finding.  *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1909, (2020) ("An agency must defend its actions based on the reasons it gave when it acted.").

(ECF No. 13, PageID #1982).

The Court takes issue with Baum's objection for several reasons.  First, it is unclear what specific error in the ALJ's analysis is being challenged by Plaintiff.  It is unclear whether Baum is arguing that the reference to post-May 2023 treatment as "routine" is an error because Baum had a biopsy and cancer surgery in the following months, or if she is arguing that the error was the omission of any analysis of the biopsy and cancer surgery.  If it is the former, Baum cites no caselaw or support for that proposition; nor does she particularly elaborate as to why the "routine"

finding would be in error.  If it is the latter, Plaintiff is misrepresenting/misconstruing the ALJ's decision.

The ALJ provided a summary and analysis of the biopsy and cancer surgery following Baum's May 2023 hospitalization earlier in the decision:

> In June 2023, the claimant underwent a cervical biopsy was performed after testing was positive for low-grade squamous intraepithelial lesion and human papillomavirus. Pathology results showed adenocarcinoma of the cervix (Exhibits 3F/5-7, 4F/9-14). In September 2023, she presented to an oncology evaluation for further evaluation of her adenocarcinoma of the cervix.  Cervical conization was recommended and she was advised to consider a hysterectomy (Exhibit 6F/23). Later in September, she underwent cervical conization (Exhibit 6F/12). In February 2024, she presented to a consultative evaluation. She reported a history of pancreatitis, but she stated her pain was controlled by nerve blocks. An examination showed good strength and range of motion in her extremities. Her tandem gait was unstable, but she was able to sit, stand and walk without an assistive device, and rise from the examination table without assistance (Exhibit 9F).
>
> In March 2024, the claimant presented to an annual well woman evaluation with complaints of abdominal pain.  An examination was unremarkable, and she was advised to follow-up with her oncologist due to her previously positive biopsy results (Exhibit 11F/5).  In April 2024, she presented with complaints of daily abdominal pain and vomiting.  An examination was positive for abdominal tenderness, but she was in no acute distress (Exhibit 12F/8).

(ECF No. 7, PageID #54).  The ALJ then analyzed Baum's subjective symptom complaints specifically regarding abdominal pain:

> As noted above, the claimant's treatment notes show complaints of abdominal pain due to recurrent pancreatitis; however, examinations showed she was in no acute distress.  She was able to ambulate normally, and she had good strength.  She was hospitalized in May 2023; however, her symptoms resolved with conservative treatment and the remainder of her treatment was related to routine visits.

(*Id.* at PageID #57).  Finally, the ALJ specifically addressed the cancer surgery in the next sentence: "Pathology results were positive for adenocarcinoma of the cervix, and she underwent cervical conization, but there was no evidence of ongoing treatment."  (*Id.*).

Thus, the ALJ did discuss and analyze the biopsy and cancer surgery when addressing Baum's subjective symptom complaints and the total limiting effects of her impairments.  In addition, the Court finds that the ALJ's description of "routine visits" was related to the conservative treatment for the abdominal pain due to recurrent pancreatitis, and was not referring to the separate issue of Baum's cancer treatment.  Regardless, the ALJ addressed why the RFC did not include any exertional, postural, or environmental limitations related to her subjective symptom complaints:

> There was no evidence she used an assistive device and the findings do not support the need to lie down as alleged (Exhibits 2F/61, 4F/9-27, 6F/12-23, 11F/5, 12F/8). A consultative examination showed her tandem gait was unstable, but she was able to sit, stand and walk without an assistive device.  She had good strength/range of motion in her extremities, and she was able to rise from the examination table without assistance (Exhibit 9F).  On a Function Report, she noted she is able to tend to her personal care, perform minor cleaning and shop for groceries twice a month (Exhibit 6E).  During a consultative evaluation, she stated she is able to tend to her personal care, prepare meals and drive (Exhibit 8F). Based on the objective findings, and her reported level of activities, I find she is capable of work at the medium exertional level with additional postural and environmental limitations. This is consistent with the findings of a State agency medical consultant and none of her own providers further limited her ability to perform work activity (Exhibit 3A).  I acknowledge the claimant does experience some limitations but not to the extent alleged.

(ECF No. 7, PageID #57).

Baum has not demonstrated that the ALJ failed to consider the total limiting effects of her impairments or consider the medical and nonmedical evidence in the record.  The Court finds that the ALJ considered the limiting effects of all Baum's impairments, including any non-severe ones, in determining her RFC, as required by 20 C.F.R § 404.1545(e).  Thus, the Court finds that neither the ALJ nor the Magistrate Judge erred.  Accordingly, the Court **OVERRULES** this objection.

## IV.     CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections (ECF No. 13),

**ADOPTS** the Magistrate Judge's R&R (ECF No. 12), incorporates it fully herein by reference,

and **AFFIRMS** the final decision of the Commissioner.

**IT IS SO ORDERED.**

Date:    June 18, 2026

**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**